UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD MARTIN,**

      **Plaintiff,**                                    Case No. 2:15-cv-2294
                                                          JUDGE GREGORY L. FROST
      **v.**                                               Magistrate Judge Terence P. Kemp

**CODY POSEY, et al.,**

      **Defendants.**

## OPINION AND ORDER

Plaintiff, Ronald Martin, is an Ohio inmate who is asserting claims under 42 U.S.C. § 1983 against various state defendants. This matter is before the Court for consideration of the Magistrate Judge's February 5, 2016 Report and Recommendation and Order (ECF No. 22) and Plaintiff's objection (ECF No. 23).

In the Report and Recommendation and Order, the Magistrate Judge addressed five motions: two motions to dismiss filed by the various defendants (ECF Nos. 10, 15), a motion to deem the first motion to dismiss moot filed by Plaintiff (ECF No. 16), a motion for leave to file an amended complaint filed by Plaintiff (ECF No. 17), and a motion to appoint counsel filed by Plaintiff (ECF No. 19). The Magistrate Judge denied the motion to moot the motion to dismiss (ECF No. 16) and the motion for appointment of counsel (ECF No. 19). The Magistrate Judge also recommended that the Court deny the motion to dismiss in regard to Plaintiff's retaliation and conspiracy claims against Defendants Woody Coey, Cody Posey, and Brent Cruse in their individual capacities, but grant the motions to dismiss all other claims and Defendants Corby Free, Roger Wilson, and Gary Mohr.

1

Plaintiff has filed a single objection to the Report and Recommendation and Order. Briefing on the objection has closed, and because the Report and Recommendation and Order and objection are consequently ripe for disposition, this Court shall address the filings in advance of the scheduled March 4, 2016 non-oral hearing date.

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Plaintiff's sole objection is to the Magistrate Judge's recommendation to deny his motion for leave to file an amended complaint.  Plaintiff argues that "[i]t appears that [the Magistrate Judge] did not have enough information to consider amending the complaint based on the fact that the court did not have a copy of the proposed Amended Complaint and the reasons set forth in the Motion itself were insufficient to plead the Plaintiff's case to amend."  (ECF No. 23, at Page ID # 184.)  Plaintiff has attached to his objection a letter from the Clerk's Office indicating that the Clerk received the proposed amended complaint on November 23, 2015 (*Id.* at Page ID # 185), in addition to attaching a copy of the proposed amended complaint (*Id.* at Page ID # 186-205).

Plaintiff filed his motion for leave to file an amended complaint on November 12, 2015. (ECF No. 17.)  He apparently did not attempt to file his proposed amended complaint until November 23, 2015.  (ECF No. 23, at Page ID # 185.)  The gap does not help Plaintiff, but for present purposes the Court will ignore the Magistrate Judge's comment that Plaintiff's (erroneously perceived) "failure to provide a copy of a proposed amended complaint or to

provide more detailed proposed amendments could be considered grounds to deny his motion." (ECF No. 22, at Page ID # 179.) Any misimpression by the Magistrate Judge as to whether there was a proposed amended complaint, even if submitted by Plaintiff in an untimely fashion, does not matter because it constituted only a *potential* reason for the Magistrate Judge's recommendation.

The stated *actual* reason upon which the Magistrate Judge based his no-amendment recommendation was that the amendments Plaintiff sought would be futile in light of the rationale for granting portions of the motions to dismiss. Notably, Plaintiff does not specifically contest the dismissal rationale or the Magistrate Judge's characterization of his proposed amendments. Rather, Plaintiff cites only the fact that the Magistrate Judge had not read the proposed amendment complaint as the basis for his objection.

This Court has read the entirety of the proposed amended complaint submitted as an attachment to the objection, and the Court agrees with the Magistrate Judge that the proffered amendments would be futile. Plaintiff seeks to add two defendants to his due process claim and to plead additional facts and an additional remedy in connection with that claim, but the proposed additions still do not address the problems discussed in detail by the Magistrate Judge with the due process component of this case. In other words, even considering the proposed amendment complaint in full, the due process claim would still necessarily fall out of this litigation. The Magistrate Judge's conclusion of futility is therefore ultimately correct.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objection (ECF No. 23) and **ADOPTS** and **AFFIRMS** the Report and Recommendation and Order (ECF No. 22). This Court **DENIES** the motion for leave to file an amended complaint (ECF No. 17) and **GRANTS IN PART** and **DISMISSES IN PART** the motions to dismiss. (ECF Nos. 10, 15.) The claims

for retaliation and conspiracy against Defendants Woody Coey, Cody Posey, and Brent Cruse in their individual capacities remain pending.  All other claims and Defendants Corby Free, Roger Wilson, and Gary Mohr are dismissed.

    **IT IS SO ORDERED**.

                                                /s/ Gregory L. Frost
                                                GREGORY L. FROST
                                                UNITED STATES DISTRICT JUDGE