# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RONALD MARTIN,**

    **Plaintiff,**

                                                                                                      **Civil Action 2:15-cv-2294**
                                                                                                     **Judge George C. Smith**
    **v.**                                                                              **Magistrate Judge Chelsey M. Vascura**

**CODY POSEY,** *et al.***,**

    **Defendants.**

## ORDER

Plaintiff, Ronald Martin, a state-court inmate who is proceeding without counsel, brought this action under 42 U.S.C. § 1983, alleging that Defendants violated his First and Fourteenth Amendment rights by filing a false conduct report against him in retaliation for reporting criminal conduct.  This matter is before the Court for consideration of a number of pending motions, including (1) Plaintiff's Motion to Compel (ECF No. 51), (2) Plaintiff's Motion for Appointment of a Lay Advocate (ECF No. 78), (3) Plaintiff's Motion to Stay (ECF No. 80), (4) Defendants' Motion to Quash (ECF No. 83), (5) Plaintiff's Motion for Leave to Conduct *Ex Parte* Review (ECF No. 86), (6) Plaintiff's Motion to Expedite Consideration (ECF No. 97), (7) Plaintiff's Motion to Direct Non-Parties to Comply with Subpoenas (ECF No. 98), and (8) Plaintiff's Motion to File a Sur-Reply (ECF No. 102.)   For the reasons that follow, Defendants' Motion to Quash (ECF No. 83) is **GRANTED**, Plaintiff's Motion to File a Sur-Reply (ECF No. 102) is **GRANTED**, and Plaintiff's remaining Motions (ECF Nos. 51, 78, 80, 86, 97, and 98) are **DENIED**.

### A. Plaintiff's Motion to Compel (ECF No. 51)

In his December 5, 2016 Motion to Compel, Plaintiff asks the Court to compel production of copies of his medical records from November 1, 2014, to the present. In their Memorandum in Opposition, Defendants first posit that Plaintiff's motion should be denied for failure to include a certification that he has attempted to confer in good faith with Defendants regarding the document requests at issue. Defendants alternatively note that they objected on grounds of relevancy and had informed Plaintiff that he could obtain copies of his healthcare records by arranging an appointment with the Chillicothe Correctional Institution ("CCI") Healthcare Administrator to review his records and then marking any pages he wanted copied at a cost of five cents per page. In his Reply, Plaintiff indicates that based upon the Defense counsel's representations, he "will agree to hold Doc. 51 in abeyance" and would "move the [C]ourt to lift the abeyance" if the records were produced and "file for sanctions" if not. (Pl.'s Reply 9-10, ECF No. 55.) To date, Plaintiff has neither withdrawn his Motion nor moved for sanctions. Thus, it is unclear whether there remains a dispute concerning the production of Plaintiff's medical records. Regardless, review of the parties' briefing reveals that Plaintiff's Motion must be denied.

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). Although whether Plaintiff satisfied this prerequisite presents a close call, the Court concludes

that his Motion must be denied because he has not demonstrated that his health records have any bearing on his claims in this action.

Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). Federal Rule of Civil Procedure 26(b)(1), which sets forth the permissible scope of discovery, provides as follows:

> **(1) Scope in General**. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Guinn v. Mount Carmel Health Sys.*, No. 2:09-cv-226, 2010 WL 2927254, at *5 (S.D. Ohio July 23, 2010) (Kemp, J.) (quoting *Clumm v. Manes*, No. 2:08–cv–567 (S.D. Ohio May 27, 2010) (King, J.)); *see also Berryman v. Supervalu Holdings, Inc.*, No. 3:05-cv-169, 2008 WL 4934007, at *9 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information.") (internal citation omitted)).

Here, Plaintiff has failed to offer any explanation as to why the medical records he seeks to compel are relevant to the claims he has advanced. Nor can the Court discern any relevancy. Plaintiff's Motion to Compel is therefore **DENIED**.

**B.     Plaintiff's Motion for Appointment of a Lay Advocate (ECF No. 78)**

In his Motion for Appointment of a Lay Advocate, Plaintiff requested that he be assisted by a fellow inmate at his upcoming deposition. Because that deposition took place on February 10, 2017, Plaintiff's Motion is **DENIED AS MOOT**.

**C.     Plaintiff's Motion to Stay Dispositive Motions (ECF No. 80)**

Plaintiff's Motion to Stay, in which he seeks a stay of the dispositive motions deadline or an extension of the discovery deadline is likewise **DENIED AS MOOT**. Plaintiff filed this Motion based upon his concern that he would be unable to timely serve subpoenas. The docket reflects, however, that Plaintiff served the subpoenas at issue on February 24, 2017. (*See* ECF No. 82.)

**D.     Defendants' Motion to Quash  (ECF No. 83), Plaintiff's Motion to Expedite (ECF No. 97), and Plaintiff's Motion to Direct Non-Parties to Comply with Subpoenas (ECF No. 98)**

In their Motion to Quash, Defendants ask the Court to quash the subpoenas Plaintiff served on Messrs. Wolfenbarder, Blakeman, and Dunham, all of whom are current or former CCI employees. More specifically, Defendants challenge the validity of the subpoenas, asserting that they did not properly issue given that Plaintiff, rather than the Clerk of Court, issued the subpoenas. The Court agrees.

Federal Rule of Civil Procedure 45, which governs subpoenas, explicitly provides that "[t]he clerk must issue a subpoena," providing an exception only for attorneys authorized to practice in the issuing court. Fed. R. Civ. P. 45(a)(3). Because Plaintiff is not an attorney authorized to practice in this Court, the at-issue subpoenas violate Rule 45(a)(3) because the Clerk of Court did not issue them. Accordingly, Defendants' Motion to Quash is **GRANTED**. (ECF No. 83.)

Plaintiff's Motion to Expedite, which seeks an expedited ruling on Defendants' Motion to Quash, is **DENIED AS MOOT**.  (ECF No. 97.)  Plaintiff's Motion to Direct Non-Parties to Comply with Subpoenas, which seeks a Court Order compelling Messrs. Wolfenbarder, Blakeman, and Dunham to comply with the subject subpoenas, is likewise **DENIED AS MOOT**.  (ECF No. 98.)

**E.**     **Plaintiff's Motion for Leave to Conduct *Ex Parte* Review (ECF No. 86)**

In his Motion for Leave to Conduct *Ex Parte* Review, Plaintiffs asks the Court for permission to conduct *ex parte* interviews with nonparty witnesses.  In their response, Defendants correctly point out that Plaintiff does not need permission from the Court in order to conduct voluntary witness interviews.  Accordingly, Plaintiff's Motion is **DENIED**.

**F.**     **Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 102)**

Plaintiff's Motion for Leave to File Sur-Reply, in which he asks the Court to consider the Sur-Reply he attaches to his Motion in connection with the Court's Consideration of Defendants' Motion for Summary Judgment, is **GRANTED**.  Accordingly, the Clerk is **DIRECTED** to file Plaintiff's Sur-Reply, attached to the Motion as Exhibit One (ECF No. 102-1.)

**IT IS SO ORDERED.**

           /s/ *Chelsey M. Vascura*
           CHELSEY M. VASCURA
           UNITED STATES MAGISTRATE JUDGE